# Haney v. Stamper et al.

Feb. 17, 1939.

G. W. E. WOLFFORD, Judge.

NICKELL & NICKELL and J. P. HANEY for appellant.
W. M. GARDNER and ROBERT H. WINN for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Morgan Circuit Court sustaining a demurrer to the petition filed by appellant, J. D. Haney, against the appellees, Joe C. Stamper and Lizzie Frances Haney. Appellant is a resident of Oklahoma. Appellee Lizzie Frances Haney is the widow of appellant's deceased brother, and appellee Stamper is her brother-in-law. Appellant brought this action to recover $2,500 for his "great mental suffering and anguish" because the widow, after being requested to do so over long distance telephone, would not defer the burial of her husband a sufficient length of time for him to travel from Tulsa, Oklahoma, to Grassy Creek in Morgan County to attend the funeral. It is not contended that the deceased was not given a proper and appropriate burial. It is asserted that the appellee Stam-

per dominated his sister-in-law in arranging for the funeral, and this is the basis for the attempt to hold him responsible with the widow.

Granting to the appellant every inference to be drawn from the allegations of his petition, it is plain that none of his legal rights has been violated. In Seaton v. Commonwealth, 149 Ky. 498, 149 S. W. 871, 42 L. R. A., N. S., 211, the appellant was indicted for failing to provide a Christian burial for his deceased infant child. It appeared that the child had been prematurely born and lived only about two weeks. Seaton, with the assistance of two neighbors, buried the infant in a rude wooden box in a woods lot on his farm. In holding that no criminal offense had been committed, the Court discussed Seaton's apparent lack of consideration for the feelings of others and said (page 502, 149 S. W. page 873):

"We come next to the question, is appellant subject to punishment because he refused to permit his relatives and those of his wife, or others, to be notified, so that they might be present at the interment? His relatives and friends may have regarded this conduct on his part as a lack of consideration or respect for their feelings in the matter, but this is the extent of the bearing which his conduct, in this particular, can have upon the case. *They had no legal right to be present.* They may have been offended, because not notified or invited, but no ground of complaint is afforded to the public on this account. In some localities funerals are not infrequently attended by invitation. Some are strictly private; while others are open to the public. These are matters which address themselves to the discretion and will of those in interest—the relatives and friends of the deceased." (Our italics).

It is settled that, in the absence of the expressed wishes of the deceased, the surviving spouse, where the parties have been living in the normal relations of marriage, has the paramount right not only to the custody of the dead body, but also to determine the time, manner, and place of burial. 17 C. J. 1139; Streipe v. Liberty Mutual Life Insurance Company, 243 Ky. 15, 47 S. W. (2d) 1004, and cases there cited. See, also, North East Coal Company v. Pickelsimer, 253 Ky. 11, 68 S. W. (2d) 760; Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85, 28 Am. St. Rep. 370. The right of the

surviving spouse to prescribe the time and manner of burial necessarily excludes the rights of others even though they be the next of kin. The two rights cannot occupy the same space at the same time; and, unless the right of the surviving spouse is to be deemed wholly illusory, it must be exclusive. No legal right of appellant has been violated and it follows that he has no cause of action.

Appellant relies upon cases in which cemetery companies, railroad companies, or telegraph companies have been made to respond in damages in connection with funerals or the disposition of dead bodies. In those cases, of course, there has been a violation of a legal right, usually a right based on contractual relations, which is not present in the case before us. He likewise relies upon the statement in various opinions to the effect that the right of burial must be exercised with due regard to public propriety and that, should it be neglected or misused, the courts would have the power to regulate and control its exercise. Even if we accept this as a proper statement of the law, which of course is unnecessary to this decision, it is obvious that the rule as thus stated goes no further than to recognize a power by injunction or other appropriate remedy to control the manner of burial to the extent that a threat to the proprieties might be involved. No claim to damages following the act is, or can be, recognized in the absence of a legal right in the plaintiff.

Judgment affirmed.