RENDERED: MARCH 14, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1089-MR

EMMA JEAN JEANNE MCCOY                                      APPELLANT


                       APPEAL FROM PIKE CIRCUIT COURT
v.              HONORABLE HOWARD KEITH HALL, JUDGE
                     ACTION NO. 21-CI-01060


SETH MCCOY                                             APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND L. JONES, JUDGES.

ACREE, JUDGE: Appellant, Emma McCoy, appeals the Pike Circuit Court's order permanently enjoining the disinterment-reinterment of her late husband's body from Pike County's McCoy Cemetery to one in Floyd County. We affirm.

Because Appellee failed to file a brief in this appeal, we elect to "accept the appellant's statement of the facts and issues as correct" and turn to the

merits. RAP[1] 31(H)(3)(a). Appellant does not challenge the circuit court's factfinding upon which we also rely. We paraphrase from both sources.

Appellant was married to Donald McCoy when he died. She was his fifth wife. They lived in Floyd County. Donald died intestate and without expressing in any writing where he chose to be buried. Appellant and other family members "consented to having him buried in the 'McCoy Family Cemetery' in Pike County. Don was buried along[side] a previous wife." (Appellant's Brief 5).

Several months later, Appellant had a change of heart. She applied for and, on July 13, 2021, was granted a permit by the State Registrar of Vital Statistics to disinter Donald's remains and reinter them in Floyd County. Before disinterment occurred, Donald's son, Appellee Seth McCoy, initiated this injunction action to prevent the move.

At the hearing to decide whether to enter a permanent injunction, every witness, including Appellant, testified that Donald's wishes were to be buried in the McCoy Cemetery. On September 13, 2023, the circuit court granted a permanent injunction. (Judgment Granting Permanent Injunction, Record (R.) 33). Appellant appealed.

Appellant argues the circuit court failed to give preeminence to the Appellant's "paramount right" as surviving spouse to decide where to bury, or

---

[1] Kentucky Rules of Appellate Procedure.

rebury, Donald as that right is expressed in *Haney v. Stamper*, 125 S.W.2d 761, 762 (Ky. 1939), and as codified in KRS[2] 367.93117(1)(b), and as that statute is interpreted in *Harrod v. Caney*, 547 S.W.3d 536, 543 n.3 (Ky. App. 2018). If Appellant were making this argument in 1901, it would likely prevail. Today, however, none of these authorities justifies reversing the circuit court.

In 1901, the common law was that while "there is not a property right to a dead body in a commercial sense," the right to bury a loved one certainly exists. *Neighbors v. Neighbors*, 65 S.W. 607, 608 (Ky. 1901). The conflict in cases of this type, then and now, is "the determination as to who has the right . . . to select a place of sepulcher, *and to change it if deemed advisable*." *Id.* (emphasis added). No distinction was recognized then as to who has the right as it relates to interment on the one hand and reinterment after exhumation on the other. The default answer in both situations was the decedent's spouse. *Id.* The explanation is poignant.

> That paramount right in the husband and wife is in consonance with the custom of the country, respected by general sentiment, and has the support of reason. There is a tender and more affectionate relationship between husband and wife than between either and other relatives. In life there is a constant companionship, a continued mutual and dependent relationship, and such ministration in sickness and death that can be given by no other. . . . The wife is certainly nearer in the point of relationship and affection than any other person. She is the constant

---

[2] Kentucky Revised Statutes.

-3-

> companion of her husband during life, bound to him by the closest ties of love, and should have the paramount right to render the last sacred services to his remains after death.

*Id.* (internal quotation marks and citation omitted).

By the 1930s, a distinction had evolved. In 1933, Kentucky recognized that distinction in the disinterment-reinterment case of *Brake v. Mother of God's Cemetery*, 65 S.W.2d 739 (Ky. 1933). Citing an opinion by Judge Cardozo while he was still on the New York Court of Appeals, the Court said many cases hold that "where the question is one of disinterment for the purposes of reinterment, the modern rule is not as broad as the rule is stated in the *Neighbors* Case . . . ." *Id.* at 740 (citing *Yome v. Gorman*, 152 N.E. 126, 128 (N.Y. 1926)).

A few years later, our highest court decided *Haney*, *supra*, a case, like *Neighbors*, adjudicating who has the right of a decedent's original interment. *Haney*, 125 S.W.2d at 762. "It is settled that, in the absence of the expressed wishes of the deceased, the surviving spouse, where the parties have been living in the normal relations of marriage, has the paramount right not only to the custody of the dead body, but also to determine the time, manner, and place of burial." *Id.*

*Haney* did not change what *Brake* said about disinterment-reinterment cases. The circuit court in the case now under review noted the continued common law distinction. Quoting Judge Cardozo from *Brake*, the circuit court said:

> [T]he wishes of the surviving spouse are not supreme and final when the body has been laid at rest and the aid of equity is invoked to disturb the quiet of the grave; that in such state of case there will then be "due regard to the interests of the public, the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association."

(R. 33) (quoting *Brake*, 65 S.W.2d at 740 (quoting *Yome*, 152 N.E. at 128)).

About a decade ago, our legislature recognized this distinction too, with "An Act relating to funeral planning." 2016 Kentucky Laws Ch. 59 (SB 103) (codified as KRS 367.93101 to 367.93121) (hereafter the "Act"). The Act regulates who has the right to bury a decedent's body. It does not regulate who has a right to disinter and reinter those buried remains. That is still governed by the common law. The circuit court here recognized this distinction.

The Appellant's failure to recognize the distinction is revealed by her citations to the statutes codifying the right and to *Harrod v. Caney*, *supra*, that applied the Act in an interment case. Both the statute and the opinion apply to events culminating in the "funeral" of the deceased. KRS 367.93117(1) ("arrangements for funeral services" by "burial or cremation" and "other ceremonial arrangements").

"Funeral" is defined for purposes of that statute as "the ceremonies or services related to the final disposition and *interment* of a human body or body parts[.]" KRS 316.010(6) (emphasis added); KRS 367.93101(5) ("'Funeral' has

-5-

the same meaning as in KRS 316.010[.]"). Therefore, applicability of the Act ends when the initial interment is completed. This is not the first time we have so held, albeit in an unpublished opinion. *See Strader v. Strader*, No. 2021-CA-1069-MR, 2023 WL 2335906 (Ky. App. Mar. 3, 2023).

The elephant in Appellant's room is that in both interment and reinterment cases, there is a predicate to the spouse's right to control the burial. In the interment case of *Haney*, the Court said the spouse's "paramount right" could only be exercised "in the absence of the expressed wishes of the deceased[.]" 125 S.W.2d at 762. In the reinterment case of *Brake*, the Court said "the wishes of the surviving spouse are not supreme and . . . due regard [shall be given] . . . the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association." 65 S.W.2d at 740 (internal quotation marks and citation omitted).

Because the Act is inapplicable to this case, Donald's wishes were provable by testimony,[3] and the unrefuted testimony of all witnesses including Appellant is that Donald wished to be buried in the McCoy Family Cemetery.

---

[3] Before the Act, proof of the decedent's wishes in an interment case could take any form such as a will, a separate writing, or a survivor's testimony. Since 2016, the Act establishes the exclusive means of proving the decedent's wishes. Under the Act, "A person who is of sound mind and is at least eighteen (18) years of age may execute a [funeral planning] declaration." KRS 367.93103(1). However, a declaration included in a will, a power of attorney, or a similar document, "is not enforceable." KRS 367.93103(2)(a), (b). Because the issue before the Court is not the initial interment but the decedent's disinterment and reinterment, the Act's limitations on proving the decedent's wishes are inapplicable.

Because Appellee was petitioning for a permanent injunction, the circuit court was adjudicating an equitable action. *Triplett v. Livingston Cnty. Bd. of Educ.*, 967 S.W.2d 25, 29 (Ky. App. 1997). The circuit court properly applied *Blake* to the evidence presented at the hearing, giving due regard to the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association. The court then granted the permanent injunction.

Consistent with the governing rule for granting permanent injunctions, the circuit court "set forth the findings of fact and conclusions of law which constitute the grounds of its action." CR[4] 52.01. On review, this Court is prohibited from setting aside those findings of fact "unless clearly erroneous," giving "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." *Id.* We review the application of the law to those facts *de novo*. *Kimbler v. Arms*, 102 S.W.3d 517, 522 (Ky. App. 2003).

We find no fault in the circuit court's holding that Donald's "wishes supersede [Appellant's] paramount right described in *Haney*" which she claims permits her to exhume and rebury him. (R. 34). "The resting places of the dead have been revered and regarded as hallowed ground from the earliest days." *R. B. Tyler Co. v. Kinser*, 346 S.W.2d 306, 308 (Ky. 1961). "The natural desire of most of us that there shall forever be an uninterrupted repose of our own bodies, and a

---

[4] Kentucky Rules of Civil Procedure.

considerate regard for the sensibilities, reverence, and love of the kindred and friends of the deceased, demand that sepulchers shall not be violated except for compelling reasons." *Brunton v. Roberts*, 97 S.W.2d 413, 416 (Ky. 1936). On appeal, Appellant presented no justification for re-burying Donald where she desires instead of honoring Donald's wish that his remains become part of the hallowed ground of his ancestors.

We affirm.


ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Stephen L. Hogg
Pikeville, Kentucky